UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-175 |
| DWAYNE WINANS, JR. | SECTION "G" |

## ORDER

Before the Court is Defendant Dwayne Winans, Jr.'s ("Winans") "Motion and Incorporated Memorandum to Dismiss Count One of the Second Superseding Indictment."[1] Having considered the motion, the memoranda in support and opposition, the arguments made during oral argument, the record, and the applicable law, the Court will grant the motion and dismiss Count One of the Second Superseding Indictment without prejudice.

## I. Background

On October 6, 2016, Defendant Dwayne Winans, Jr., was charged by an Indictment with bank robbery in violation of 18 U.S.C. § 2113(a).[2] On January 26, 2017, Winans and co-defendant Bryson Tuesno ("Tuesno") were charged by a Superseding Indictment.[3] In the Superseding Indictment, Winans was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Four, and Five), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Three), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Six).[4] On April 13, 2017, Winans and Tuesno were charged by a Second

---

[1] Rec. Doc. 260.

[2] Rec. Doc. 9.

[3] Rec. Doc. 23.

[4] *Id.*

1

Superseding Indictment.[5] In the Second Superseding Indictment, Winans was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Six, and Eight), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Four), four counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three, Five, Seven, and Nine), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Ten).[6]

On January 3, 2018, the Court granted Winans' motion to sever Count One of the Second Superseding Indictment from the remaining counts.[7] On April 23, 2018, Winans proceeded to trial on Counts Two through Ten.[8] On April 26, 2018, the jury returned a verdict finding Winans guilty of Counts Two through Nine and not guilty of Count Ten.[9] At that time, the Government did not move to have a trial date set for Count One.[10]

On July 10, 2018, the Court called a conference to discuss the status of Count One.[11] During the status conference, the Government indicated that it planned to pursue Count One of the Second Superseding Indictment.[12] Winans' counsel objected, asserting that the time for the

---

[5] Rec. Doc. 53.

[6] *Id.*

[7] Rec. Doc. 143.

[8] Rec. Doc. 199.

[9] Rec. Doc. 204.

[10] During oral argument for the instant motion, counsel for Winans stated that he believed the Government was not going to pursue Count One if it obtained a conviction on Counts Two through Ten based on the Government's statements.

[11] Rec. Doc. 231.

[12] *Id.*

2

Government to try Winans on Count One had expired.[13] The Court ordered that the parties brief the Court on whether the Speedy Trial Act was implicated by the delay in the prosecution of Count One.[14] The Government filed a brief regarding the speedy trial issue on July 19, 2018,[15] and Winans filed a brief regarding the issue on August 1, 2018.[16]

On September 24, 2018, the Government filed a Motion to Set Trial Date on Severed Count One.[17] On September 25, 2018, the Court granted the Government's motion to Set Trial Date on Severed Count One.[18]

On October 24, 2018, Winans filed the instant motion seeking dismissal of Count One of the Second Superseding Indictment.[19] On November 21, 2018, the Government filed an opposition to the motion.[20] On December 6, 2018, the Court heard oral argument on the instant motion.[21]

## II. Parties' Arguments

### A.  *Winans' Arguments in Support of the Motion to Dismiss*

Winans asserts that Count One of the Second Superseding Indictment should be dismissed because more than 70 days have elapsed without excludable delay since charges were filed against

---

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 234.

[16] Rec. Doc. 237.

[17] Rec. Doc. 250.

[18] Rec. Doc. 251.

[19] Rec. Doc. 260.

[20] Rec. Doc. 279.

[21] Rec. Doc. 280.

Winans under the Second Superseding Indictment.[22] Winans asserts that the 70-day limit to bring him to trial on Count One started to run when the trial on Counts Two through Ten ended on April 26, 2018 and expired on July 5, 2018.[23]

Winans notes that any "delay resulting from trial" is excludable under the Speedy Trial Act.[24] However, he asserts that the time period between trial and sentencing cannot be considered a "delay resulting from trial" because "[t]rial and sentencing are distinct and different steps in the criminal process.[25] In support of this assertion, Winans relies on *Betterman v. Montana*, a Supreme Court case, holding that the Speedy Trial Clause of the Constitution detaches upon conviction and does not apply to the delay between trial and sentencing.[26] Winans contends that "[a]lthough trial and sentencing are inherently connected, they cannot be collapsed into one phase of a criminal proceeding."[27]

Winans notes that other cases holding that the time period from trial through sentencing on other charges was excludable under the Speedy Trial Act predate the Supreme Court's ruling in *Betterman*.[28] Furthermore, Winans asserts that this case is distinguishable from the Fifth Circuit's decision in *United States v. Bigler*, because that case was concerned with the exclusion of time for

---

[22] Rec. Doc. 260 at 1.

[23] *Id.* at 4–5.

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* (citing 136 S.Ct. 1609, 1613 (2016)).

[27] *Id.*

[28] *Id.* at 3, n.2 (citing *United States v. Shear*, 825 F.2d 783, 786, n. 3 (4th Cir. 1987); *United States v. Robinson*, 887 F.2d 651, 658 (6th Cir. 1989); *United States v. Montoya*, 827 F.2d 143, 149 (7th Cir. 1987); *United States v. Lopez-Espindola*, 632 F.2d 107, 110 (9th Cir. 1980)).

pretrial preparation on state charges.[29]

Winans asserts that the purpose of the Speedy Trial Act is to protect a person, who is entitled to a presumption of innocence, from waiting an interminably length of time for trial.[30] He notes that in *Betterman*, the Supreme Court stated in dicta that "[t]he [Speedy Trial] Act says nothing [] about the period between conviction and sentencing, suggesting that Congress did not regard that period as falling within the Sixth Amendment's compass."[31] Winans asserts that "[t]he definition of trial does not shift merely because it is found in a different section of the United States Code or United States Constitution."[32] For these reasons, Winans asserts that the Court should find that the time to bring Winans to trial on Count One expired on July 5, 2018.[33]

Finally, Winans argues that the Court should dismiss Count One with prejudice.[34] Winans contends that this case is similar to *United States v. Velasquez.*, where the Fifth Circuit found that the Speedy Trial Act was violated with respect to one count of an indictment.[35] Because the length of the defendant's sentence was not impacted by the dismissal of that count, the Fifth Circuit determined that efficient use of judicial resources would be served and the administration of justice would not be disserved by dismissing the count with prejudice.[36] Similarly, Winans asserts that

---

[29] *Id.* (citing 810 F.2d at 1320).

[30] *Id.* at 3–4.

[31] *Id.* at 4 (quoting 136 S.Ct. at 1613).

[32] *Id.*

[33] *Id.* at 5.

[34] *Id.* at 3–4.

[35] *Id.* at 5 (citing 890 F.2d 717 (5th Cir. 1989)).

[36] *Id.* (citing 890 F.2d at 720).

the administration of justice in this case is not served by allowing the Government to reinstate prosecution on Count One because of the lengthy 82-year mandatory minimum sentence Winans faces with respect to Counts Two through Nine.[37] Furthermore, Winans notes that the Government has offered no explanation for its delay in bringing him to trial on Count One.[38] Therefore, Winans requests that the Court dismiss Count One with prejudice.[39]

### B. *The Government's Arguments in Opposition to the Motion to Dismiss*

In response, the Government argues that the Speedy Trial Act has not been violated.[40] The Government argues that the Speedy Trial "clock" as to Count One has been tolled since the Court severed Count One from the remaining counts and will remain tolled until Winans is sentenced on Counts Two through Nine.[41] In support, the Government cites 18 U.S.C. § 3161(h)(1), which provides that "[a]ny period of delay resulting from other proceedings concerning the defendant" is excluded from calculation under the Speedy Trial Act.[42] The Government cites *United States v. Bigler*, a Fifth Circuit case interpreting Section 3161(h)(1) and finding that "'delay resulting from trial' to include 'the period of time utilized in making necessary preparation for trial.'"[43]

According to the Government, "the great weight of the authority supports the assertion that the sentencing process comprises part of the 'trial' for which the Speedy Trial clock is tolled

---

[37] *Id.* at 6.

[38] *Id*.

[39] *Id*. at 7.

[40] Rec. Doc. 279 at 2.

[41] *Id.* at 4.

[42] *Id.* at 2 (quoting 18 U.S.C. § 3161(h)(1)).

[43] *Id.* (citing 810 F.2d 1317, 1320 (5th Cir. 1987)).

6

pending resolution of 'other proceedings' against the defendant."[44] The Government contends that this case is most similar to *United States v. Toliver*, where a district judge in the United States District Court for the District of Maryland concluded that there had been no speedy trial violation following severance of one count of an indictment from the remaining counts because "the defendant was involved in a trial (including sentencing)" on the other counts.[45] Furthermore, the Government notes that both the Fourth and Sixth Circuit have found that the Speedy Trial Act is tolled for the entire period between arrest and sentencing on other charges.[46]

The Government asserts that the Supreme Court's decision in *Betterman* interpreted the scope of the constitutional speedy trial right, not the statutory right.[47] More importantly, the Government notes that *Betterman* "limited the scope of that right, and for Winans to offer a contorted reading that expands the right makes little sense."[48] The Government asserts that it has been "unable to find a single federal court decision that reads *Betterman* as casting doubt on the vitality of those decisions holding that the period after conviction but before sentencing on other charges comprises part of the 'trial' for which the Speedy Trial Act's clock is tolled."[49] Accordingly, the Government asserts that Winans' "trial" on other charges began with the severance of Count One and will continue through sentencing on his convictions for Counts Two

---

[44] *Id.* at 2–3.

[45] *Id.* at 3 (citing No. 10-0249, 2012 WL 1969996 (D. Md. May 31, 2012)).

[46] *Id.* (citing *United States v. Shear*, 825 F.2d 783 (4th Cir. 1987); *United States v. Robinson* 887 F.2d 651, 656 (6th Cir. 1989).

[47] *Id.* at 4 (quoting 136 S.Ct. at 1613).

[48] *Id.*

[49] *Id.*

through Nine.[50]

Even if a speedy trial violation occurred, the Government asserts that the dismissal should be without prejudice.[51] The Government notes that Count One is a serious offense.[52] Furthermore, the Government argues that any violation of the Speedy Trial Act was not egregious, considering that the Court requested briefing on the issue *sua sponte* and Winans waited nearly three-and-a-half months from that date to seek any relief.[53] The Government asserts that the impact of the prosecution on the administration of the Speedy Trial Act and the administration of justice favors a dismissal without prejudice because, although Winans faces a lengthy sentence on Counts Two through Nine, "should those convictions be reversed on appeal, or should some change to the § 924(c) statutory regime be effected and applied retroactively, Winans could see those 82 years of mandatory minimum prison time cut down substantially, and the government would be without recourse to try the severed Count 1 should it be dismissed with prejudice."[54] Finally, the Government contends that Winans has suffered no prejudice from the delay in bringing him to trial on Count One because "he remains in jail following his many convictions with no release imminent."[55]

### III. Applicable Law

"The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to

---

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 5.

[54] *Id.*

[55] *Id.* at 6.

8

a speedy trial, and also to serve the public's interest in prompt criminal proceedings."[56] Under the Speedy Trial Act, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[57] However, the Act lists periods of delay that are to be excluded in computing the time within which a trial must commence. Among them, Section 3161(h)(1) excludes "[a]ny period of delay resulting from other proceedings concerning the defendant,"[58] including "delay resulting from trial with respect to other charges against the defendant[.]"[59]

If the Government fails to comply with the provisions of the Speedy Trial Act, the defendant may move to dismiss the indictment.[60] A defendant's failure to move for dismissal under the Speedy Trial Act before trial or the entry of a guilty plea constitutes a waiver of the right to dismissal.[61] The remedy for failure to comply with the provisions of the Speedy Trial Act is dismissal of the indictment with or without prejudice.[62] In determining whether to dismiss the case with or without prejudice, the court shall consider "the seriousness of the offense; the facts and

---

[56] *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) (citing *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007)).

[57] 18 U.S.C. § 3161(c)(1).

[58] 18 U.S.C. § 3161(h)(1).

[59] 18 U.S.C. § 3161(h)(1)(B).

[60] 18 U.S.C. § 3162(a)(2).

[61] *Id.*

[62] *Id.*

9

circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."[63]

### IV. Analysis

Winans argues that the Supreme Court has made clear that trial and sentencing are distinct phases of a criminal prosecution, and therefore, the 70-day limit to bring Winans to trial on Count One started to run when trial on Counts Two through Ten ended on April 26, 2018, and expired on July 5, 2018.[64] In response, the Government argues that the Speedy Trial "clock" as to Count One has been tolled since the Court severed Count One from the remaining counts and will remain tolled until Winans is sentenced on Counts Two through Nine.[65]

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." In *Betterman v. Montana*, the Supreme Court held that the Speedy Trial Clause "protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges."[66] The Supreme Court reasoned that "[p]rior to conviction, the accused is shielded by the presumption of innocence," and "[t]he Speedy Trial Clause implements that presumption."[67] Thus, the Supreme Court found that the speedy trial right "loses force upon conviction."[68] In dicta, the Supreme Court noted that Congress passed the Speedy Trial

---

[63] *Id.*

[64] Rec. Doc. 260.

[65] Rec. Doc. 279.

[66] 136 S.Ct. 1609, 1612 (2016).

[67] *Id.* at 1614 (internal citations omitted).

[68] *Id.*

10

Act "to give effect to the sixth amendment right," requiring that trial begin within 70 days of indictment.[69] However, the Supreme Court noted that "[t]he Act says nothing [] about the period between conviction and sentencing, suggesting that Congress did not regard that period as falling within the Sixth Amendment's compass."[70]

As noted above, the Speedy Trial Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant,"[71] including "delay resulting from trial with respect to other charges against the defendant[.]"[72] The Government asserts that the period of "delay resulting from trial with respect to other charges" includes the time that a defendant awaits sentencing on other charges. In support, the Government cites the Fifth Circuit's decision in *United States v. Bigler*.[73]

In *Bigler*, the Fifth Circuit was confronted with a delay in a federal prosecution while the defendant was in state custody awaiting trial on other charges.[74] The Fifth Circuit found that "[t]he term 'delay resulting from trial' includes the period of time utilized in making necessary preparation for trial."[75] The *Bigler* court reasoned that "[w]hile the federal prosecutor is required to exercise 'a reasonable scrutiny over the progress of state court proceedings,' a federal court

---

[69] *Id*. at 1616.

[70] *Id*.

[71] 18 U.S.C. § 3161(h)(1).

[72] 18 U.S.C. § 3161(h)(1)(B).

[73] 810 F.2d 1317 (5th Cir. 1987).

[74] *Id*.

[75] *Id*. at 1320 (quoting *United States v. Lopez–Espindola*, 632 F.2d 107, 111 (9th Cir. 1980)).

11

should interfere with the state court 'only in exceptional cases."[76] Therefore, given this particular context, the Fifth Circuit found that a federal district court "has discretion to include all of the time spent in state custody because of state proceedings."[77]

Other circuit courts have held that the time period from trial through sentencing on other charges is excludable under the Speedy Trial Act.[78] However, all of these cases predate the Supreme Court's ruling in *Betterman.* In *United States v. Lopez-Espindola*, which the Fifth Circuit cited approvingly in *Bigler*, the Ninth Circuit took a broad approach to the meaning of the word "trial" under Section 3161(h)(1)(D).[79] The Ninth Circuit found that Section 3161(h)(1)(D) "does not limit the time to only that period during which the defendant is in court for jury selection, testimony of witnesses, arguments to the jury, return of verdict, etc."[80] The Ninth Circuit reasoned that "[a]nyone familiar with trial practice is aware of the fact that 'delay resulting from trial' not only involves the trial itself but also the period of time utilized in making necessary preparation for trial."[81]

Winans asserts that this case is distinguishable from *Bigler,* because *Bigler* was concerned with the exclusion of time for pretrial preparation on state charges. Another district judge in the

---

[76] *Id*. (quoting *Lopez–Espindola*, 632 F.2d at 111).

[77] *Id*. at 1320–21.

[78] *United States v. Shear*, 825 F.2d 783, 786, n. 3 (4th Cir. 1987) ("The § 3161(h)(1)(D) exclusion for trial on other charges logically ended when Shear was sentenced on March 10, 1986"); *United States v. Robinson*, 887 F.2d 651, 658 (6th Cir. 1989) (holding that the time after the defendant's arrest up to and including sentencing on other federal criminal charges is excludable under § 3161(h)(1)(D)); *United States v. Montoya*, 827 F.2d 143, 149 (7th Cir. 1987) ("[t]he delay resulting from trial with respect to other charges must necessarily encompass preparations for trial"); *United States v. Lopez-Espindola*, 632 F.2d 107, 110 (9th Cir. 1980)).

[79] 632 F.2d at 107.

[80] *Id*. at 110.

[81] *Id*.

12

Eastern District of Louisiana has applied a similar rationale to the one advanced by Winans. In *United States v. Brown*, a district judge found that pretrial preparation in another federal criminal case pending before the Eastern District of Louisiana was not excluded from the speedy trial calculation.[82] The district court noted that in *Bigler*, the Fifth Circuit had favorably quoted the Ninth Circuit's decision in *Lopez-Espindola*, but the Fifth Circuit narrowed its holding to exclusions for time spent by a defendant in state custody awaiting a state trial.[83] Therefore, the district judge found it appropriate to "strictly constru[e] the statute and declin[e] to adopt a broad new exclusion that has not been explicitly authorized by the Fifth Circuit."[84] Accordingly, the district court granted the defendant's motion to dismiss and dismissed the indictment without prejudice.[85]

In this case, the federal prosecutor has provided no reason why it did not move to set Count One for trial after it secured conviction on the other counts. In fact, defense counsel pointed out in oral argument that when the Government chose to set Count Two through Count Ten for trial ahead of Count One, he believed that the Government was not going to pursue Count One if conviction was obtained on the other counts.

Considering the lack of controlling authority on point and the Supreme Court's ruling that trial is distinguishable from sentencing for speedy trial purposes, the Court finds that the time following trial on Counts Two through Ten while Winans awaited sentencing is not excludable

---

[82] No. 00-381, 2001 WL 13337, at *2 (E.D. La. Jan. 5, 2001) (Clement, J.).

[83] *Id.*

[84] *Id.*

[85] *Id.*

under the Speedy Trial Act. In *Betterman*, the Supreme Court held that the speedy trial right "loses force upon conviction."[86] And while the Supreme Court dealt specifically with the Sixth Amendment right to a speedy trial in *Betterman*, in dicta, the Supreme Court noted that Congress passed the Speedy Trial Act "to give effect to the sixth amendment right," requiring that trial begin within 70 days of indictment.[87] The Supreme Court also noted that "[t]he Act says nothing [] about the period between conviction and sentencing, suggesting that Congress did not regard that period as falling within the Sixth Amendment's compass."[88] Following the Supreme Court's statements in *Betterman*, it is clear to this Court that Winans does not have the right to a speedy sentencing with respect to his convictions on Counts Two through Nine.[89] Therefore, the trial on Count One could theoretically be on hold indefinitely while Winans awaits sentencing on the other counts.[90] An indefinite delay would undermine the purpose of the Speedy Trial Act, which is "designed to protect a criminal defendant's constitutional right to a speedy trial, and also to serve the public's interest in prompt criminal proceedings."[91] Accordingly, the Court concludes that the 70-day limit to bring Winans to trial on Count One started to run when trial on Counts Two through Ten ended on April 26, 2018, and expired on July 5, 2018.

In determining whether to dismiss the case with or without prejudice, the court shall

---

[86] *Betterman*, 136 S.Ct. at 1614.

[87] *Id.* at 1616.

[88] *Id.*

[89] Winans was found not guilty of Count Ten.

[90] During oral argument, counsel for Winans stated that he believed the Government was not going to pursue Count One if it obtained a conviction on Counts Two through Ten.

[91] *Gonzalez-Rodriguez*, 621 F.3d at 368.

consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."[92]

First, Winans has been charged with the very serious offense of bank robbery. Therefore, this factor weighs in favor of dismissal without prejudice.

"The second factor, the circumstances of dismissal, requires consideration of the Government's reason for having violated the Act."[93] The Government bears the burden of explaining the violation.[94] If "the Government meets this initial burden, the defendant may show that the reason offered by the Government is pretextual."[95] In *United States v. Mancia-Perez*, the Fifth Circuit determined that "the district court did not abuse its discretion in finding that, because the Government's delay was not for an ulterior purpose and because the Government's failure to meet the deadline was not repetitive, regular, or frequent, this factor weighed in favor of a dismissal without prejudice."[96] Here, the Government's delay in brining Winans' to trial on Count One does not appear to be intentional or for an ulterior purpose. Furthermore, the Government made a good faith argument to support its assertion that the period of delay is excludable under the Speedy Trial Act. Therefore, this factor may weigh in favor of dismissal without prejudice.

The final factor encompasses three concerns: "[1] The defendant's right to a timely trial; [2] the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the

---

[92] 18 U.S.C. § 3162(a)(2).

[93] *United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003) (internal citations omitted).

[94] *Id.*

[95] *Id.*

[96] *Id.* at 469.

speedy trial requirements; and [3] the public's interest in bringing the accused to trial."[97] "Also implicated by this factor is the presence or absence of prejudice to the defendant."[98] Accordingly, when the charge is serious, "courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of prejudice."[99] Winans has not established that he suffered any prejudice because of the delay. Furthermore, the speedy trial violation at issue here appears to be an isolated incident, which was based on the Government's good faith belief that the Speedy Trial Act was tolled while Winans awaited sentencing on Counts Two through Nine. The public also has a strong interest in bringing Winans to trial on Count One.

Winans contends that this case is similar to *United States v. Velasquez.*, where the Fifth Circuit found that the Speedy Trial Act was violated with respect to one count of an indictment.[100] Because the length of the defendant's sentence was not impacted by the dismissal of that count, the Fifth Circuit determined that efficient use of judicial resources would be served and the administration of justice would not be disserved by dismissing the count with prejudice.[101] Like *Velasquez*, Winans asserts that the administration of justice in this case is not served by allowing the Government to reinstate prosecution on Count One because the length of the sentence Winans faces with respect to Counts Two through Nine.[102] However, unlike *Velasquez*, where the Fifth Circuit was affirming the other convictions on appeal, there is a possibility that Counts Two

---

[97] *Id.* (internal citations omitted).

[98] *Id.*

[99] *Id.* at 470 (internal citations omitted).

[100] 890 F.2d 717 (5th Cir. 1989).

[101] *Id*. at 720.

[102] Rec. Doc. 260 at 6.

16

through Nine could be reversed on appeal or there could be a change to the § 924(c) statutory regime affecting his current mandatory minimum sentence. Therefore, the Court finds that allowing the Government to reindict Winans will not adversely impact the administration of the Speedy Trial Act or the administration of justice. Moreover, even if the Government does not reindict Winans on Count One, the Government may be able to rely on Winans' alleged acts contained in Count One as relevant conduct for sentencing purposes for Counts Two through Nine.[103]

## V. Conclusion

Based on the foregoing, the Court finds that the Speedy Trial Act was violated with respect to Count One of the Second Superseding Indictment and dismisses Count One. Considering "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice,"[104] the Court concludes that the dismissal will be without prejudice. Accordingly,

---

[103] United States Sentencing Guidelines, Section 1B1.3(a)(1)(A) provides that in calculating losses for sentencing enhancement purposes, the district court looks to all criminal acts "part of the same course of conduct or common scheme or plan as the offense of conviction."

[104] 18 U.S.C. § 3162(a)(2).

**IT IS HEREBY ORDERED** that the "Motion and Incorporated Memorandum to Dismiss Count One of the Second Superseding Indictment"[105] is **GRANTED** and Count One of the Second Superseding Indictment is **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this  14th   day of December, 2018.

                                                    **NANNETTE JOLIVETTE BROWN**
                                                              **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[105] Rec. Doc. 260.