UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-175 |
| DWAYNE WINANS, JR. | SECTION: G |

### ORDER AND REASONS

Before the Court is Defendant Dwayne Winans Jr.'s ("Winans") "Motion for Release Pending Appeal."[1] The Government opposes the motion.[2] The Court conducted a hearing on the motion via videoconference on August 20, 2020.[3] Winans testified at the hearing.[4] Considering the motion, the memoranda in support and in opposition, the testimony offered during the hearing, the record, and the applicable law, the Court denies the motion.

### I. Background

On October 6, 2016, Defendant Dwayne Winans, Jr. was charged by an Indictment in the Eastern District of Louisiana under Case No. 16-CR-175 with bank robbery in violation of 18 U.S.C. § 2113(a) for the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[5] On January 26, 2017, Winans and co-defendant Bryson Tuesno ("Tuesno") were charged by a Superseding Indictment.[6] In the Superseding Indictment, Winans

---

[1] Rec. Doc. 371.

[2] Rec. Doc. 373.

[3] Rec. Doc. 374.

[4] *Id.*

[5] Rec. Doc. 9.

[6] Rec. Doc. 23.

1

was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Four, and Five), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Three), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Six).[7] On April 13, 2017, Winans and Tuesno were charged by a Second Superseding Indictment.[8] In the Second Superseding Indictment, Winans was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Six, and Eight), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Four), four counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three, Five, Seven, and Nine), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Ten).[9] Count One of the Second Superseding Indictment charged Winans with the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[10]

On December 8, 2017, Winans filed a "Motion and Incorporated Memorandum to Dismiss All Counts Against the Defendant."[11] In the motion, Winans argued that the Indictment should be dismissed because it was filed more than 30 days after his arrest in violation of the Speedy Trial Act.[12] On December 21, 2017, the Court denied the motion.[13] Although 44 days elapsed between Winans' arrest and indictment, the Court found that 10 days were excludable under the Speedy Trial Act for the transportation of Winans from the Middle District of Florida to the Eastern District

---

[7] *Id.*

[8] Rec. Doc. 53.

[9] *Id.*

[10] *Id.*

[11] Rec. Doc. 102.

[12] *Id.* at 3.

[13] Rec. Doc. 123.

of Louisiana and five days were excludable during the pendency of the motion for detention.[14] Therefore, the Court concluded that the Indictment was filed 29 "countable" days after Winans' arrest, and was timely under the Speedy Trial Act.[15]

On January 3, 2018, the Court granted Winans' motion to sever Count One of the Second Superseding Indictment from the remaining counts.[16] On April 23, 2018, Winans proceeded to trial on Counts Two through Ten.[17] On April 26, 2018, the jury returned a verdict finding Winans guilty of Counts Two through Nine and not guilty of Count Ten.[18] At that time, the Government did not move to have a trial date set for Count One. On September 24, 2018, the Government filed a motion to set a trial date for Count One,[19] which the Court granted on September 25, 2018.[20]

On October 24, 2018, Winans filed a motion seeking dismissal of Count One of the Second Superseding Indictment due to a violation of the Speedy Trial Act.[21] On November 21, 2018, the Government filed an opposition to the motion.[22] On December 14, 2018, the Court granted the motion and dismissed Count One of the Second Superseding Indictment because the Speedy Trial Act was violated.[23] The Court found that the 70-day limit to bring Winans to trial on Count One started to run when trial on Counts Two through Ten ended on April 26, 2018, and expired July 5,

---

[14] *Id.* at 10.

[15] *Id.*

[16] Rec. Doc. 143.

[17] Rec. Doc. 199.

[18] Rec. Doc. 204.

[19] Rec. Doc. 250.

[20] Rec. Doc. 251.

[21] Rec. Doc. 260.

[22] Rec. Doc. 279.

[23] Rec. Doc. 281.

2018.[24] Considering "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice," the Court concluded that the dismissal would be without prejudice.[25]

On April 26, 2019, Winans was sentenced to a term of 24 months imprisonment as to Counts Two, Four, Six, and Eight, to be served concurrently, and a term of 84 months imprisonment as to Counts Three, Five, Seven, and Nine, to be served consecutively with each other and to the terms imposed on Counts, Two, Four, Six, and Eight, for a total term of 360 months imprisonment.[26] On May 3, 2019, Winans filed a notice of appeal.[27] The appeal remains pending before the United States Court of Appeals for the Fifth Circuit.

On May 16, 2019, Winans was charged by an Indictment in the Eastern District of Louisiana under Case No. 19-CR-94 with bank robbery in violation of 18 U.S.C. § 2113(a) for the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[28]

On July 11, 2019, Winans filed a "Motion to Dismiss Indictment with Prejudice."[29] On July 30, 2019, the Government filed an opposition to the motion.[30] Oral argument on the motion

---

[24] *Id.* at 14.

[25] *Id.* at 17 (quoting 18 U.S.C. § 3162(a)(2)).

[26] Rec. Doc. 318.

[27] Rec. Doc. 320.

[28] Case No. 19-CR-94, Rec. Doc. 1.

[29] Case No. 19-CR-94, Rec. Doc. 15.

[30] Case No. 19-CR-94, Rec. Doc. 29.

was held on August 15, 2019.[31] On September 26, 2019, the Court denied the motion.[32] The Court concluded that Winans had not shown that the Court's December 22, 2017 and December 14, 2018 Orders were erroneous or that reconsideration of those Orders was warranted.[33] Additionally, the Court found that Winans had not shown that the filing of the May 16, 2019 Indictment violated the Speedy Trial Act.[34] Finally, the Court held that Winans had not shown that his speedy trial right was violated or that dismissal of the Indictment was warranted under Federal Rule of Criminal Procedure 48(b).[35]

In the interim, on July 18, 2019, Winans was charged by a Superseding Indictment with attempted bank robbery in violation of 18 U.S.C. § 2113(a) (Count One) and bank robbery in violation of 18 U.S.C. § 2113(a) (Count Two).[36] Count Two of the Superseding Indictment charges Winans with the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[37] On October 22, 2019, Winans filed a "Motion for Competency Hearing."[38] Following a hearing on that motion, the Court found Winans competent to stand trial.[39]

On July 16, 2020, Winans filed the instant "Motion for Release from Custody Pending

---

[31] Case No. 19-CR-94, Rec. Doc. 33.

[32] Case No. 19-CR-94, Rec. Doc. 35.

[33] *Id*.

[34] *Id*.

[35] *Id*.

[36] Case No. 19-CR-94, Rec. Doc. 19.

[37] *Id.*

[38] Case No. 19-CR-94, Rec. Doc. 42.

[39] Case No. 19-CR-94, Rec. Doc. 64.

Appeal."[40] On August 11, 2020, the Government filed an opposition to the motion.[41] The Court conducted a hearing on the motion via videoconference on August 20, 2020.[42] Winans testified at the hearing.[43]

## II. Parties' Arguments

### A.   *Winans' Arguments in Support of the Motion*

Winans moves the Court to order his release pending the resolution of his appeal in this matter.[44] Winans asserts that he can satisfy the requirements for release pending appeal by demonstrating: (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purposes of delay; and (3) that the appeal raises a substantial question of law or fact that if determined favorably to the defendant on appeal, will likely result in a reduced sentence to a term of imprisonment less than the expected duration of the appeal process.[45]

Winans asserts that the first prong is "easily met" because he does not pose a risk of flight or a danger to the safety of any other person or the community.[46] Winans contends that he has family and community ties to the New Orleans area, and his family is willing to take custody of him and ensure his appearance as required.[47] He states that he is willing to subject himself to 24-

---

[40] Rec. Doc. 371.

[41] Rec. Doc. 373.

[42] Rec. Doc. 374.

[43] *Id.*

[44] Rec. Doc. 371.

[45] *Id.* at 2 (citing 18 U.S.C. § 3143(b); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985)).

[46] *Id.*

[47] *Id.*

hour GPS monitoring as a condition for his release.[48]

Next, Winans certifies that the appeal is not for the purpose of delay, but instead, his appeal raises "substantial questions" of law and fact.[49]

Finally, Winans contends that his appeal will center around whether there was violation of the Speedy Trial Act.[50] Winans argues that the Government requested a continuance to gain a tactical advantage of additional time under the Speedy Trial Act.[51] Winans asserts that the charges against him should have been dismissed with prejudice.[52] Therefore, Winans contends that a substantial question of law to be raised on appeal will likely result in a term of imprisonment that is less than the expended duration of the appeal process.[53]

### B. *The Government's Arguments in Opposition to the Motion*

The Government argues that the motion should be denied because Winans is a public danger and a flight risk and because his appeal does not raise a substantial question of law or fact that would likely result in reversal or a new trial.[54] First, the Government asserts that Winans' history demonstrates that he is a public danger and a flight risk.[55] The Government notes that Winans is serving a 30-year sentence for two carjackings and two bank robberies he committed

---

[48] *Id.* at 3.

[49] *Id.*

[50] *Id.* at 3–4.

[51] *Id.* at 7.

[52] *Id.*

[53] *Id.* at 3.

[54] Rec. Doc. 373 at 1.

[55] *Id*. at 2.

while armed.[56] The Government notes that Winans fled to New York after committing the crimes, and he was later arrested in Florida.[57] The Government also notes that Winans has previously been convicted of bond jumping.[58] Given that Winans is currently serving a 30-year sentence and his extensive criminal history, the Government asserts that Winans has every incentive to flee if released pending appeal.[59] Additionally, the Government notes that the COVID-19 pandemic has reduced the resources available to federal agencies, which limits their ability to ensure that Winans complies with the terms of any bond.[60] Accordingly, the Government argues that the motion should be denied on this basis alone.[61]

Finally, the Government asserts that the appeal does not raise a substantial question of law or fact that satisfies Winans' burden for release pending appeal.[62] The Government notes that Winans reiterates the same Speedy Trial Act arguments that have been addressed and rejected by this Court.[63] Accordingly, the Government contends that Winans has not demonstrated that he is entitled to release pending appeal.[64]

---

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.* at 2–3.

[61] *Id.* at 3.

[62] *Id.*

[63] *Id.* at 3–4.

[64] *Id.* at 4.

### III. Legal Standard

The requirements for release of a convicted individual pending appeal are set forth in 18 U.S.C. § 3143(b). Section 3143(b) provides that the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[65]

The Fifth Circuit has recognized that under the statute "the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption."[66] Accordingly, the Fifth Circuit has held that a convicted defendant has the burden of establishing the following four factors in order to obtain release on bail pending appeal: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."[67] A substantial question of law or fact is "one of more substance than would be

---

[65] 18 U.S.C. § 3143(b)(1).

[66] *Valera-Elizondo*, 761 F.2d at 1023.

[67] *Id.* at 1025 (internal citations omitted).

necessary to a finding that it was not frivolous."[68] "It is a close question or one that very well could be decided the other way."[69]

## IV. Analysis

Winans moves the Court to order his release pending the resolution of his appeal in this matter.[70] The Government argues that the motion should be denied because Winans is a public danger and a flight risk and because his appeal does not raise a substantial question of law or fact that would likely result in reversal or a new trial.[71]

Winans asserts that the first prong is "easily met" because he does not pose a risk of flight or a danger to the safety of any other person or the community.[72] Winans contends that he has family and community ties to the New Orleans area, and his family is willing to take custody of him and ensure his appearance as required.[73] He states that he is willing to subject himself to 24-hour GPS monitoring as a condition for his release.[74] In response, the Government asserts that Winans' history demonstrates that he is a public danger and a flight risk.[75]

Winans is currently serving a 30-year sentence for two carjackings and two bank robberies he committed while armed.[76] The evidence presented at trial showed that Winans used force and

---

[68] *Id.* at 1024 (internal citations and quotation marks omitted).

[69] *Id.* (internal citations and quotation marks omitted).

[70] Rec. Doc. 371.

[71] Rec. Doc. 373 at 1.

[72] Rec. Doc. 371 at 2.

[73] *Id.*

[74] *Id.* at 3.

[75] Rec. Doc. 373 at 2.

[76] *See* Rec. Doc. 318.

10

intimidation during the course of these offenses. Winans fled to New York after committing the crimes, and he was later arrested in Florida.[77] Winans has a lengthy criminal history, including a prior conviction for bail jumping in 2016.[78] Given that Winans is currently serving a 30-year sentence and has an extensive criminal history, he has not demonstrated by clear and convincing evidence that he does not pose a risk of flight or a danger to the safety of the community. Even if Winans subjects himself to 24-hour GPS monitoring, Winans' prior actions show that he poses a danger to the community.

Winans also has not demonstrated that the appeal raises a substantial question of law or fact. A substantial question of law or fact is "one of more substance than would be necessary to a finding that it was not frivolous."[79] "It is a close question or one that very well could be decided the other way."[80] This Court has considered and rejected Winans' Speedy Trial Act arguments on two separate occasions.[81] Although 44 days elapsed between Winans' arrest and indictment, the Court found that 10 days were excludable under the Speedy Trial Act for the transportation of Winans from the Middle District of Florida to the Eastern District of Louisiana and five days were excludable during the pendency of the motion for detention.[82] Therefore, the Court concluded that the Indictment was filed 29 "countable" days after Winans' arrest, and was timely under the Speedy Trial Act.[83] Winans has not shown that this issue presents a close question or one that

---

[77] Rec. Doc. 245 at 3.

[78] *Id.* at 16.

[79] *Valera-Elizondo*, 761 F.2d at 1024 (internal citations and quotation marks omitted).

[80] *Id.* (internal citations and quotation marks omitted).

[81] Rec. Doc. 123; Case No. 19-CR-94, Rec. Doc. 35.

[82] Rec. Doc. 123 at 10.

[83] *Id.*

11

could very well be decided the other way.

### V. Conclusion

Based on the foregoing, the Court denies the "Motion for Release Pending Appeal." Winans has not demonstrated by clear and convincing evidence that he is not a public danger or a flight risk. Additionally, Winans has not shown that the appeal raises a substantial question of law or fact that would likely result in reversal or a new trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dwayne Winans, Jr.'s "Motion for Release Pending Appeal"[84] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 20th day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[84] Rec. Doc. 371.