UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 16-175

DWAYNE WINANS, JR.                           SECTION: G

## ORDER AND REASONS

Before the Court are two motions filed by Defendant Dwayne Winans, Jr. ("Winans"): (1) a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[1] (the "motion to vacate") and (2) a motion for release from custody pending ruling on the motion to vacate.[2] In the motion to vacate, Winans raises an argument regarding an alleged violation of the Speedy Trial Act that was previously rejected by this Court in an Order denying a pretrial motion to dismiss the indictment,[3] and that decision was affirmed by the Fifth Circuit on direct appeal.[4] Considering that this Court is bound by the ruling of the Fifth Circuit, Winans is not entitled to relief on this basis. Furthermore, to the extent that Winans may argue his counsel performed ineffectively by failing to argue the pretrial motion in a different way, Winans has not shown how a different argument could have changed either this Court's or the Fifth Circuit's holding. Therefore, considering the motions, the memoranda in support and in opposition, the record, and the applicable

---

[1] Rec. Doc. 386.

[2] Rec. Doc. 391.

[3] Rec. Doc. 123.

[4] Rec. Doc. 382.

law, the Court denies the motion to vacate and dismisses the motion for release from custody as moot.

## I. Background

On August 16, 2016, a Criminal Complaint was filed against Winans in the Eastern District of Louisiana, alleging that he committed a bank robbery at Fidelity Bank on August 4, 2016.[5] Winans was arrested in Jacksonville, Florida, on August 23, 2016.[6] On October 6, 2016, Winans was formally charged by a grand jury in the Eastern District of Louisiana with bank robbery in violation of 18 U.S.C. § 2113(a).[7] On January 26, 2017, Winans and co-defendant Bryson Tuesno ("Tuesno") were charged by a Superseding Indictment.[8] On April 13, 2017, Winans and Tuesno were charged by a Second Superseding Indictment.[9] In the Second Superseding Indictment, Winans was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Six, and Eight), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Four), four counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three, Five, Seven, and Nine), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Ten).[10]

Extensive pretrial litigation ensued with one issue predominating: whether the Speedy Trial Act was violated when the Indictment was filed on October 6, 2016, 44 days after Winans' arrest.[11]

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 3.

[7] Rec. Doc. 9.

[8] Rec. Doc. 23.

[9] Rec. Doc. 53.

[10] *Id.*

[11] Rec. Doc. 102.

This Court denied Winans' motion to dismiss the indictment, and found that no Speedy Trial Act violation occurred, because although the Act provides that an indictment must be filed within 30 days of a defendant's arrest, the Indictment was filed 29 "countable" days after Winans' arrest.[12]

On January 3, 2018, the Court granted Winans' motion to sever Count One of the Second Superseding Indictment from the remaining counts.[13] On April 23, 2018, Winans proceeded to trial on Counts Two through Ten.[14] On April 26, 2018, the jury returned a verdict finding Winans guilty of Counts Two through Nine and not guilty of Count Ten.[15] On April 26, 2019, this Court sentenced Winans to 360 months of imprisonment, followed by a five-year term of supervised release.[16] After extensive litigation, the charge alleged in Count One was ultimately dismissed by the government.[17]

Winans filed a direct appeal to the United States Court of Appeals for the Fifth Circuit.[18] The sole issue Winans raised on appeal was that this Court erred in denying the motion to dismiss the indictment based on the alleged Speedy Trial Act violation.[19] The Fifth Circuit rejected this claim, finding that "[o]nly 29 countable days of the speedy trial clock had lapsed at the time his indictment

---

[12] Rec. Doc. 123.

[13] Rec. Doc. 143.

[14] Rec. Doc. 199.

[15] Rec. Doc. 204.

[16] Rec. Doc. 318. The 360-month term of imprisonment consisted of a term of 24 months as to each of Counts Two, Four, Six, and Eight, to be served concurrently, and a term of 84 months imprisonment as to Counts Three, Five, Seven, and Nine, to be served consecutively to each other and to the terms imposed on Counts Two, Four, Six, and Eight.

[17] *See generally* Criminal Action No. 19-94. As part of that litigation, Winans re-raised the Speedy Trial Act issue.

[18] Rec. Doc. 320.

[19] *United States v. Winans*, 838 F. App'x 908 (5th Cir. 2021).

issued, so Winans fails to show a violation of the Speedy Trial Act."[20] The Fifth Circuit explicitly found that "[t]he district court did not err in denying his motion to dismiss the indictment."[21]

On December 10, 2021, Winans filed the instant motion to vacate his conviction under 28 U.S.C. § 2255.[22] On January 14, 2022, the government filed an opposition to the motion to vacate.[23] On February 15, 2022, Winans filed a reply brief in further support of the motion.[24] On March 3, 2022, Winans filed a motion for release pending ruling on the motion to vacate.[25]

## II. Parties' Arguments

### A.   *Winans' Arguments in Support of the Motion to Vacate*

In the instant motion, Winans again asserts that the indictment violated the Speedy Trial Act because it was filed 44 days after his arrest.[26] According to Winans, a maximum of 10 days are excludable under the Act, because when the Magistrate Judge in Jacksonville continued the detention hearing he did not make a finding that the "ends of justice" were served by granting the continuance.[27] Therefore, Winans asserts that the Speedy Trial Act was violated because 34 "countable" days lapsed between the arrest and the filing of the indictment.[28] Winans also states that his attorney "told [him]

---

[20] *Id.* at 909.

[21] *Id.*

[22] Rec. Doc. 386.

[23] Rec. Doc. 388.

[24] Rec. Doc. 390.

[25] Rec. Doc. 391.

[26] Rec. Doc. 386 at 4.

[27] *Id.*

[28] *Id.*

on a recorded jail phone call that they will take his license if he file[s] anything else dealing with this issue" and that he was "mislead by attorneys," but he does not expand on this argument.[29]

### B.    The Government's Arguments in Opposition to the Motion to Vacate

The government opposes Winans' motion.[30] The government notes that the Fifth Circuit has already ruled on this claim, and this Court is bound by the law of the case.[31] Additionally, the government contends that any new Speedy Trial Act claims would be procedurally barred.[32] Finally, assuming that Winans is attempting to raise an ineffective assistance of counsel claim, the government argues that such a claim would be meritless because his attorneys raised the Speedy Trial Act issue, and Winans does not explain how this Court or the Fifth Circuit's holding would have been different had the claim been argued in a different way.[33]

### C.    Winans' Arguments in Further Support of the Motion to Vacate

In the reply brief, Winans states that the reason for his motion to vacate "is to explain how it would have been successful if the Speedy Trial Act claim was argued in a different way."[34] Winans again argues that the continuance of the motion for detention was not excludable under the Speedy Trial Act.[35]

---

[29] *Id.* at 3–4.

[30] Rec. Doc. 388.

[31] *Id*. at 3–4.

[32] *Id.* at 5.

[33] *Id.* at 6–7.

[34] Rec. Doc. 390 at 1.

[35] *Id.* at 2.

### III. Standard of Review

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack."[36] "The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."[37] Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[38]

An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,"[39] or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations."[40] The prisoner must establish his claims by a preponderance of the evidence.[41] If the Court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[42]

---

[36] 28 U.S.C. § 2255(a)

[37] *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[38] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

[39] 28 U.S.C. § 2255(b).

[40] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see also United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) ("If the record is clearly adequate to dispose of the allegations, the court need inquire no further.").

[41] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

[42] 28 U.S.C. § 2255(b).

### IV. Law and Analysis

In the instant motion, Winans asserts that the indictment violated the Speedy Trial Act because it was filed 44 days after his arrest.[43] According to Winans, a maximum of 10 days are excludable under the Act, because when the Magistrate Judge in Jacksonville continued the detention hearing he did not make a finding that the "ends of justice" were served by granting the continuance.[44]

This exact argument was raised in a pretrial motion to dismiss the indictment,[45] which was denied by this Court.[46] The Fifth Circuit affirmed that holding on direct appeal, stating:

> Winans here renews his assertion that the delay in holding a hearing on the Government's pretrial motion for detention violated the Bail Reform Act and, pursuant to that act, the Government was entitled to no more than three excludable days, including weekends. His argument is not well-taken. His reliance on *United States v. Tinklenberg*, 563 U.S. 647 (2011), is misplaced: That case did not involve the specified delays under the Bail Reform Act. That statute requires that weekends and legal holidays be excluded from the relevant three-day period, *see* 18 U.S.C. § 3142(f)(2), so the district court correctly determined that there was no violation of the Bail Reform Act. Only 29 countable days of the speedy trial clock had lapsed at the time his indictment issued, so Winans fails to show a violation of the Speedy Trial Act. The district court did not err in denying his motion to dismiss the indictment.[47]

This Court is bound by the Fifth Circuit's holding on direct appeal. The law is well settled in this Circuit: An issue raised and disposed of on direct appeal cannot be considered in a Section 2255

---

[43] Rec. Doc. 386 at 4.

[44] *Id.*

[45] Rec. Doc. 120 at 2 ("The continuances of Mr. Winans's detention hearing cannot be excluded from the running of time under the Speedy Trial Act because there was no finding that the continuances served the 'ends of justice.'").

[46] Rec. Doc. 123.

[47] *Winans*, 838 F. App'x at 908–09. The Fifth Circuit's holding does not explicitly mention Winans' argument that the Magistrate Judge had to make an "ends of justice" finding when he continued the detention hearing. However, the "ends of justice" language is not found in the Bail Reform Act, 18 U.S.C. § 3142(f)(2), and Winans has *never* cited any authority to support his argument that this language should be read into the Bail Reform Act.

motion.[48] The Fifth Circuit's ruling is the law of the case with regard Winans' Speedy Trial Act claim.[49] Therefore, the motion to vacate must be denied.

It is unclear to the Court whether Winans is also attempting to raise an ineffective assistance of counsel claim. In the motion, Winans states that his attorney "told [him] on a recorded jail phone call that they will take his license if he file[s] anything else dealing with this issue" and that he was "mislead by attorneys," but he does not expand on this argument.[50] The government responded that any ineffective assistance of counsel claim would be meritless because Winans' attorneys raised the Speedy Trial Act issue, and Winans does not explain how this Court or the Fifth Circuit's holding would have been different had the claim been argued in a different way.[51] In the reply brief, Winans states that the reason for his motion to vacate "is to explain how it would have been successful if the Speedy Trial Act claim was argued in a different way."[52]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[53] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the

---

[48] *See United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("[W]e may not consider an issue disposed of in [the defendant's] previous appeal at the § 2255 stage."); *United States v. Kalish*, 780 F.2d, 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

[49] *Goudeau*, 512 F. App'x at 393.

[50] Rec. Doc. 386 at 3–4.

[51] Rec. Doc. 388 at 6–7.

[52] Rec. Doc. 390 at 1.

[53] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

ineffective assistance claim without addressing the other prong.[54] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[55] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[56] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[57] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[58] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[59]

Here, Winans has not demonstrated that his counsel's performance was deficient or that any alleged deficiency prejudiced the defense. Winans' counsel raised this exact argument in the motion to dismiss the indictment.[60] The argument was rejected by this Court and that decision was affirmed by the Fifth Circuit on direct appeal. Winans does not explain how a different argument could have changed the ruling of this Court or the Fifth Circuit. In fact, Winans presents the same argument that

---

[54] *Id.*

[55] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[56] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[57] *See Strickland*, 466 U.S. at 690.

[58] *Id.* at 694.

[59] *Id.*

[60] Rec. Doc. 102; Rec. Doc. 120 at 2 ("The continuances of Mr. Winans's detention hearing cannot be excluded from the running of time under the Speedy Trial Act because there was no finding that the continuances served the 'ends of justice.'").

was raised by his trial counsel. Therefore, to the extent Winans is attempting to raise an ineffective assistance of counsel claim, such a claim would be meritless.

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." For the reasons stated above, the Court finds that the motion, files, and record of the case conclusively show that Winans is not entitled to relief. Accordingly, the Court finds that an evidentiary hearing is not warranted here.

## V. Conclusion

Based on the foregoing, the Court finds that the motion, files, and record of the case conclusively show that Winans is not entitled to relief on his motion to vacate. Therefore, the motion for release pending ruling on the motion to vacate is moot. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dwayne Winans, Jr.'s "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[61] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for release from custody pending ruling on the motion to vacate[62] is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this <u>16th</u> day of March, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[61] Rec. Doc. 386.

[62] Rec. Doc. 391.

10