UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-175 |
| DWAYNE WINANS, JR. | SECTION: G |

### ORDER

Before the Court are three motions filed by Defendant Dwayne Winans, Jr.'s ("Winans"): (1) a Motion to Dismiss Counts;[1] (2) a Motion for Discovery;[2] and (3) a Motion for Release from Custody.[3] Winans is currently serving a 360-month sentence on numerous counts of bank robbery, carjacking, and brandishing a firearm during a crime of violence.[4]

On March 17, 2022, this Court denied Winans's original Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[5] On November 1, 2022, the Fifth Circuit denied Winans's request for a certificate of appealability.[6]

In the Motion to Dismiss Counts, Winans essentially seeks reconsideration of those rulings.[7] Specifically, Winans repeats his prior argument that the Speedy Trial Act was violated in

---

[1] Rec. Doc. 430.

[2] Rec. Doc. 436.

[3] Rec. Doc. 440.

[4] Rec. Doc. 318.

[5] Rec. Doc. 392.

[6] Rec. Doc. 411 (mandate issued December 27, 2022).

[7] Rec. Doc. 430.

1

his case.[8]

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[9]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[10]

Rule 60(b) has been used to reopen a judgment in post-conviction proceedings. "However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."[11] A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining authorization from the United States Court of Appeals for the Fifth Circuit.[12]

---

[8] *Id.*

[9] Fed. R. Civ. P. 60(b).

[10] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[11] *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (involving § 2254 petition)).

[12] *Id.* (citing 28 U.S.C. § 2255(h)).

Therefore, if a Rule 60(b)(6) motion must be construed as a successive § 2255 motion, the district court does not have jurisdiction to consider it.[13]

Winans is attempting to assert an unauthorized second or successive § 2255 motion.[14] His motion advances the substantive claims previously raised in his original § 2255 motion. This Court lacks jurisdiction to hear such claims because Winans has not obtained authorization under § 2255(h) from the Fifth Circuit Court of Appeals to file a successive motion.

Moreover, the arguments Winans raises in the motion are not new. These arguments have been repeatedly addressed by this Court and the Fifth Circuit.[15] In fact, on January 5, 2024, the Fifth Circuit denied Winans request to file a successive § 2255 motion.[16] Therefore, the Court dismisses the Motion to Dismiss for lack of jurisdiction, rendering the motion for discovery and motion for release from custody moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dwayne Winans, Jr.'s Motion to Dismiss Counts[17] is **DISMISSED** for lack of jurisdiction.

---

[13] *Id.* (citing 28 U.S.C. § 2255(h)).

[14] *See United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018) (following denial of a motion to vacate, the defendant's motion to alter the judgment was a successive motion to vacate, even though the defendant raised same allegations in motion to alter judgment as he did in original motion).

[15] *See* Rec. Doc. 392 at 7; Rec. Doc. 419.

[16] *In re Dwayne Winans, Jr.*, Case No. 23-30814, Fifth Circuit Order (5th Cir. Jan. 5, 2024).

[17] Rec. Doc. 430.

**IT IS FURTHER ORDERED** that Winans's Motion for Discovery[18] and Motion for Release from Custody[19] are **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this 14th day of November, 2024.

*[signature]*
_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[18] Rec. Doc. 436.

[19] Rec. Doc. 440.