U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Jan 20 2026
CAROL L. MICHEL
CLERK
SP Mail

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO.16-175 |
| DWAYNE WINANS, JR., | SECTION: "G" |

MOTION RULE (60) (b) (6)

HAS BEEN USED TO REOPEN A JUDGEMENT IN POST/CONVICTION PRECEEDINGS. "PROCEDURAL CLAIM"

NOW, comes into court petitioner Dwayne Winans Jr. who respectfully requests this Honorable court to GRANT release under rule (60) (b) (6) to overcome a procedural claim.

**AUTHORITY**

WE HOLD THAT A RULE (60) (b) (6) MOTION IN A 2255 CASE IS NOT TO BE TREATED AS A SUCCESSIVE HABEAS PETITION. IF IT DOES NOT ASSERT OR REASSERT CLAIMS OF ERROR IN THE MOTIVE STATE CONVICTION. A MOTION THAT, LIKE PETITIONER CHALLENGES ONLY THE DISTRICT COURTS FAILURE TO REACH THE MERITS DOES NOT WARRANT SUCH TREATMENT, AND CAN THERFORE BE RULED UPON BY THE DISTRICT COURT WITHOUT PRECERTIFICATION BY THE COURT OF APPEALS.

THIS IS NOT A DISGUISE SECOND OR SUCCESSOR 2255.

GONZALEZ V. CROSBY "2005"

## BACKGROUND

ON MARCH 9, 2021, THE FIFTH CIRCUIT COURT OF APPEALS AFFIRMED THE DISTRICT COURT JUDGEMENT.

AS HIS SOLO ISSUE ON APPEAL, MR. WINANS CONTENDS THAT THE DISTRICT COURT ERROR IN DENYING HIS MOTION TO DISMISS HIS INDICTEMNET ALLEGING A VIOLATION OF HIS RIGHTS UNDER THE SPEEEDY TRIAL ACT. ALTHOUGH MR. WINANS INDICTEMENT ISSUE 44 DAYS AFTER HIS ARRESTS, 15 OF THOSE DAYS WERE EXCLUDABLE TEN FOR HIS TRANSFER FROM ANOTHER DISTRICT, SEE 18 U.S.C. 3161 (h) (1) (F), AND FIVE FOR THE TENDENCY OF THE GOVERNMENTS PRE TRIAL MOTION FOR DETENTION, FILED ON WEDNESDAY, AUGUST 24, 2026. AND HEARD ON MONDAY, AUGUST 29, 2026. THE 18 U.S.C.3161 (h) (1) (D).

Mr. Winans here renews his assertion that the delay in holding a hearing on the government's pretrial motion of retention violated the bail reform act and pursued to that at, the government was entitled to know more than three excludable days including weekends. His argument is not well taken. His reliance on United States v. Tinklenberg "2011" is misplaced: that case did not involve the specific delays under the bail reform act. That statue requests that weekends and legal holidays be excluded from the relevant three-day period, see 18 U.S.C3142 "f" "2", so the district court directly determined that there was no violation of the bail reform act. Only 29 countable days of the speedy trial clock had lapse at the time his indictment issued, so Mr. Winans fails to show a violation of the speedy trial act. The district court did not error in denying his motion to dismiss the indictment. See United States v. Winans "5th Cir. 2021"

On July 16, 2021, under criminal action number 19-94 Mr. Winans re-raised the speedy trial act issue the correct way which the government conceded to on record docket 92 on the date of September 2, 2021. And this honorable judge, Ms. Brown GRANTED Mr. Winans' motion dismissing all charges pending Mr. Winans under criminal action number 19-94 on the date of September 7, 2021, record docket 93.

On December 10, 2021, Mr. Winans filed for release under 28 U.S.C. 2255 to vacate criminal action number 16-175 due to violation of Mr. Winans rights under the federal speedy trial act.

On December 14, 2021, Nannette Jolivette Brown ordered the United States attorney to reply to Mr. Winans 28 U.S.C. 2255 motion in Mr. Winans to reply to the government motion.

On January 14, 2022, the United States attorney David H. Sinkman requested this court to procedurally bar Mr. Winans speedy trial act claim in Mr. Winans 28 U.S.C 2255 the government notes that the fifth circuit has already ruled on this claim, and this court is bound by

the law of the case. And the only way Mr. Winans can overcome this procedural default if he shows cause and prejudice or shows that the failure to consider his claim will result in a fundamental miscarriage of justice.

On February 15, 2022, the court received Mr. Winans reply brief to the government request in states that the reason for his motion to vacate "is to explain how it would have been successful if the speedy trial act claim would be successful if it was argued in a different way". Mr. Winans again argues that the continuance of the motion for detention was not excludable under the speedy trial act.

On March 17, 2022, this court denied Mr. Winans 28. U.S.C 2255 due to the United States attorney requesting to procedurally bar Mr. Winans claim.

## SUMMARY OF THE ARGUMENT

Mr. Winans argued that this honorable court has the power to GRANT release under rule 60 (b) (6) without the precertification of the appeals court. If Mr. Winans challenge only the district courts failure to reach the merits due to a "procedural default". That he can overcome if he shows "cause and prejudice" or showing that the failure to consider his claim will result in the fundamental miscarriage of justice.

## ARGUMENT

Cause and Prejudice

Or

The showing That the failure to consider Mr. Winans Speedy trial act claim will result in a fundamental miscarriage of justice.

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested under 18 U.S.C 3161 (b).

Mr. Winans was arrested on August 23, 2016, on a criminal complaint and was charged with an indictment on October 6, 2016, forty-four days after his arrest. This honorable courts recognizes this issue the criminal action number 19-94 record docket 93 granting Mr. Winans motion to dismiss all counts due to violation of the speedy trial act 18 U.S.C 3161 (b).

The dispute comes from the same united states attorney David H. Sinkman who conceded to Mr. Winans motion to dismiss all counts for violation of the speedy trial act under criminal action number 19-94. But unlike that criminal action number Mr. Sinkman Stated on the reply brief for Mr. Winans 28 U.S.C. 2255 motion vacate that "the fifth circuit has already ruled on this claim, and this court is bound by the law of the case. And the only way to overcome this procedural default if he shows cause and prejudice or showing that the failure to consider his claim will result in a fundamental miscarriage of justice".

Which Mr. Winans is willing to show for release.

On March 9, 2021Mr. Winans direct appeal was affirmed due to arguing the incorrect subsection 18 U.S.C 3161 (h) (1) (D) needed to justify the continuance of Mr. Winans detention hearing. United States versus Winans. The fifth circuit court of appeals stated Mr. Winans argument was "misplaced" which Mr. Winans now agrees with.

The correct exclusion needed to justify the continuance of Mr. Winans' detention hearing is found under subsection 18. U.S.C. 3161 (h) (7) (A) that states "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the "ends of justice" served by taking such actions outweigh the best interests of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forward, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the speedy trial."

Thus, the extra five days that was excluded in Mr. Winans direct appeal affirming his conviction due to arguing the incorrect subsection needed to justify Mr. Winans continuance of his detention hearing can not be excludable because there was NO finding that the continuance served the ends of justice either orally or in writing on the record of the case.

Therefore, the government was only allowed to exclude a maximum of ten days from the federal speedy trial act due to the transportation of Mr. Winans from the middle district of Florida to the eastern district of Louisiana under section 18. U.S.C. 3161 (h) (1) (F). As all elements was not satisfied under the correct subsection 18 U.S.C. 3161 (h) (7) (A) for the continuance of Mr. Winans detention hearing making it not excludable under the federal speedy trial act due to the judge who granted Mr. Winans continuance did not put on record either orally or in writing his reason that the continuance served the "ends of justice". Making the indictment 34 days before it was filed after Mr. Winans' arrest violation of 18. U.S.C. 3161 (b).

Mr. Winans was prejudiced as he would not be in federal custody, incarcerated because of violation of 18. U.S.C. 3161(b). A guaranteed way for Mr. Winans to obtain his freedom if the correct subsection of the speedy trial act was introduced at the beginning stages on direct appeal or if the United States attorney Mr. Sinkman would have entertained the merits in Mr. Winans 28 U.S.C 2255 that's clearly not the same argument that was brought up in Mr. Winans direct appeal. Mr. Winans introduced the correct subsection needed to justify the continuance of his detention hearing under 18 U.S.C. 3161 (h) (7) (A) that cannot be excluded from the act due to the judge who granted the continuance did not find that the continuance did not serve the ends of justice.

Mr. Winans is ACTUALLY INNOCENT due to the absent fact that was prerequisite before a conviction.

## Conclusion

Therefore, Mr. Winans prays this honorable court GRANTS release due to this manifest injustice. Mr. Winans has overcome his "PROCEDURAL DEFAULT" by showing cause in prejudice or showing that the failure to consider his claim will result in a fundamental miscarriage of justice.

**Signature Page**

Dwayne Winans Jr.

Dwayne Winans Jr.

1/14/2026