UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-175 |
| DWAYNE WINANS, JR. | SECTION: G |

## ORDER

Before the Court are seven motions filed by Defendant Dwayne Winans, Jr.'s ("Winans"): (1) a Rule 60(b) Motion to Reopen a Judgment in Post-Conviction Proceeding;[1] (2) a Motion to Supplement the Rule 60(b) Motion;[2] (3) a Motion for Appeal Bond;[3] (4) a Motion for Release from Custody Pending Appeal;[4] (5) a Motion to Transfer to the Eastern District of Louisiana for Bond Hearing;[5] (6) another Rule 60(b) Motion;[6] and (7) another Motion for Appeal Bond.[7] Winans is currently serving a 360-month sentence on numerous counts of bank robbery, carjacking, and brandishing a firearm during a crime of violence.[8]

On March 17, 2022, this Court denied Winans's original Motion to Vacate, Set Aside, or

---

[1] Rec. Doc. 470.

[2] Rec. Doc. 471.

[3] Rec. Doc. 472.

[4] Rec. Doc. 473.

[5] Rec. Doc. 474.

[6] Rec. Doc. 476.

[7] Rec. Doc. 475.

[8] Rec. Doc. 318.

1

Correct Sentence under 28 U.S.C. § 2255.[9] On November 1, 2022, the Fifth Circuit denied Winans's request for a certificate of appealability.[10]

In the Rule 60 motions, Winans argues that reconsideration is warranted.[11] Specifically, Winans repeats his prior arguments that the Speedy Trial Act was violated in his case and that his counsel performed ineffectively by allegedly failing to adequately brief the issue.[12] Winans also argues that the Rule 60 motions are not procedurally barred because this Court has the power to grant relief if he can show cause and prejudice to avoid a procedural default.[13]

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[14]

---

[9] Rec. Doc. 392.

[10] Rec. Doc. 411 (mandate issued December 27, 2022).

[11] Rec. Docs. 470, 476.

[12] *Id.* Winans argues that the indictment violated the Speedy Trial Act because it was filed 44 days after his arrest. *Id.* at 10. According to Winans, a maximum of 10 days are excludable under the Act, because when the Magistrate Judge in Jacksonville continued the detention hearing he did not make a finding that the "ends of justice" were served by granting the continuance. *Id.* at 11–12.

[13] Rec. Docs. 471, 476.

[14] Fed. R. Civ. P. 60(b).

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[15]

Rule 60(b) has been used to reopen a judgment in post-conviction proceedings. "However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."[16] A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining authorization from the United States Court of Appeals for the Fifth Circuit.[17] Therefore, if a Rule 60(b)(6) motion must be construed as a successive § 2255 motion, the district court does not have jurisdiction to consider it.[18]

Winans is attempting to assert an unauthorized second or successive § 2255 motions.[19] His motions advance the substantive claims previously raised in his original § 2255 motion. This Court lacks jurisdiction to hear such claims because Winans has not obtained authorization under § 2255(h) from the Fifth Circuit Court of Appeals to file a successive motion.

Moreover, the arguments Winans raises in these motions are not new. These arguments have been repeatedly addressed by this Court and the Fifth Circuit.[20] In fact, on January 5, 2024,

---

[15] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[16] *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (involving § 2254 petition)).

[17] *Id.* (citing 28 U.S.C. § 2255(h)).

[18] *Id.* (citing 28 U.S.C. § 2255(h)).

[19] *See United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018) (following denial of a motion to vacate, the defendant's motion to alter the judgment was a successive motion to vacate, even though the defendant raised same allegations in motion to alter judgment as he did in original motion).

[20] *See* Rec. Doc. 392 at 7; Rec. Doc. 419.

the Fifth Circuit denied Winans request to file a successive § 2255 motion.[21] The Rule 60(b) Motions repeat many of the arguments Winans raised of the brief filed before the Fifth Circuit.[22] Therefore, the Court dismisses the Rule 60(b) Motions and the Motion to Supplement for lack of jurisdiction, rendering the motions regarding release pending appeal moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dwayne Winans, Jr.'s Rule 60(b) Motions to Reopen a Judgment in Post-Conviction Proceeding[23] and Motion to Supplement the Rule 60(b) Motion[24] are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Winans's Motions for Appeal Bond,[25] Motion for Release from Custody Pending Appeal,[26] Motion to Transfer to the Eastern District of Louisiana for Bond Hearing[27] are **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this 23rd day of January, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[21] *In re Dwayne Winans, Jr.*, Case No. 23-30814, Fifth Circuit Order (5th Cir. Jan. 5, 2024).

[22] *In re Dwayne Winans, Jr.*, Case No. 23-30814, Motion to File Successive § 2255 (5th Cir. Nov. 15, 2023).

[23] Rec. Doc. 470.

[24] Rec. Doc. 471.

[25] Rec. Docs. 472, 476.

[26] Rec. Docs. 473, 475.

[27] Rec. Doc. 474.