U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Aug 31 2026
CAROL L. MICHEL
CLERK
SP Mail

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
VERSUS CASE NO. 16-175
DWAYNE WINANS, JR.,

MOTION
Rule 60(b)(6)
HAS BEEN USED TO RE-OPEN A JUDGMENT IN POST-CONVICTION PROCEEDINGS.
"PROCEDURAL CLAIM" - "DEFECT"

# AUTHORITY

Motion Rule 60(b)(6) is NOT considered a second or successive habeas petition if it "attacks, NOT the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." Gonzalez, 545 U.S. at 532.

# BACKGROUND

On August 16, 2016, a Criminal Complaint was filed against Mr. Winans in the Eastern District of Louisiana, alleging that he committed a bank robbery at Fidelity Bank on August 4, 2016

On August 23, 2016, Mr. Winans WAS arrested in Jacksonville, Florida.

On October 6, 2016, Mr. Winans was formally Charged by a grand jury in the Eastern District of Louisiana with bank robbery in violation of 18 U.S.C. 2113(a).

On January 26, 2017, Mr. Winans were Charged by a Superseding Indictment.

On April 13, 2017, Mr. Winans were Charged by a Second Superseding Indictment. In the Second Superseding Indictment, Mr. Winans was charged with three counts of bank robbery in violation of 18 U.S.C. 2113(a) (counts One, six, and Eight), two counts of Carjacking in violation of 18 U.S.C. 2119 (counts Two and Four), four counts of brandishing a firearm during a crime of

violence in Violation of 18 U.S.C. 924(c)(1)(A) (Counts Three, Five, Seven, and Nine), and one count of tampering with evidence in violation of 18 U.S.C. 1512(c)(1) (Count Ten).

On December 20, 2017, Extensive pretrial litigation ensued with one issue predominating whether the Speedy Trial Act was violated when the Indictment, was filed on October 6, 2016, 44 days after Mr. Winans arrest. This Court denied Mr. Winans motion to dismiss the indictment, and found that No Speedy Trial Act violation occurred, because although the Act provides that an indictment MUST be filed within 30 days of a defendant's arrest, the Indictment was filed 29 "countable" days after Mr. Winans arrest.

On January 3, 2018, the court granted Mr. Winans motion to sever Count One of the Second Superseding Inidictment from the remaining Counts.

On April 23, 2018, Mr. Winans proceeded to Trial on Counts Two through Ten.

On April 26, 2018, the jury returned a verdict finding Mr. Winans guilty of counts Two - Nine and NOT guilty of count Ten.

On April 26, 2019, the court sentenced Mr. Winans to 360 months of imprisonment, followed by a five-year term of supervised release.

On March 9, 2021, The sole issue raised on Mr. Winans direct appeal was the District court erred in denying the motion to dismiss the indictment based on the alleged speedy Trial Act violation. The fifth circuit rejected this claim, finding that "only 29 countable days of the speedy trial clock had lapsed at the time his indictment issued, so Mr. Winans fails to show a violation of the speedy Trial Act. The Fifth Circuit explicitly found that "the district court did not err in denying his motion to dismiss the indictment.

On July 16, 2021, After Extensive Litigation, the charge alleged in count one was ultimately dismissed by the government. see Generally Criminal Action NO. 19-94. As part of that Litigation, Mr. winans re-raised the Speedy Trial Act issue.

On December 10, 2021, Mr. winans filed the instant Motion to vacate his conviction under 28 U.S.C. 2255. under case No. 16-175.

On January 14, 2022, the government filed an opposition to the motion to vacate. The government notes that the Fifth Circuit has already ruled on this claim, and this court is bound by the law of the case. Additionally, the government contends that any New Speedy Trial Act claims would be procedurally barred.

On February 15, 2022, The Court recieve Mr. winans reply brief. Mr. winans states that the reason for his motion to vacate "is to explain how it would have been successfull if the

Speedy trial Act claim was argued in a different way." Winans again argues that the continuance of the motion for detention was not excludable under 18 U.S.C. 3161 (h)(7)(A)

March 16, 2022, the court denied Mr. Winans Motion under 28 U.S.C. 2255 Due to a procedurally error.

# SUMMARY OF THE ARGUMENT

Mr. Winans argue that this Honoreble court has the power to GRANT relief under Rule 60(b)(6) without precertification of the Appeal court. If Mr. Winans challenge only the districk court failure to reach the merits due to a procedural default.

Mr. Winans has filed a true rule 60(b)(6) motion that is not considered a second or successive habeas petition." Gonzalez, 545 U.S. at 532.

Mr. Winans 28 U.S.C. 2255 motion was denied due to a procedural ~~claim~~ defect That he can overcome in a rule 60(b)(6) if he shows cause and prejudice or that a miscarriage of justice would result from a court refusal to consider a claim.

Mr. Winans argue that this is NOT the same argument that was brought up on Mr. Winans direct appeal but the correct argument that was brought up under case No. 19-94 that the government conceded to.

# ARGUMENT

## Cause and prejudice or The failure to consider My Claim will result in a fundamental Miscarriage of justice.

On August 16, 2016, a criminal complaint was filed against Mr. Winans in the Eastern District of Louisiana, alleging that he committed a bank robbery at Fidelity Bank on August 4, 2016,

On August 23, 2016, Mr. Winans was arrested in Jacksonville, Florida And Transfered to New, orleans, LA

On October 6, 2016 Mr. Winans was formally Charged by a grand jury in the Eastern District of Louisiana with bank robbery in violation of 18 U.S.C. 2113(a).

Any information or indictment Charging an individual with the commission of an offense shall be filed within thirty day from the date of arrested. 18 U.S.C. 3161(b)

Mr. Winans was indicted 44 days after his arreste.

But the speedy Trial Act Provides for exclusdtion's under 18 U.S.C. 3161 (h)

In Mr. Winans case the only excludtion that will be taken out The speedy Trial Act is for the transporatation of Mr. Winans from Jacksonville, FL to New orleans, LA under 18 U.S.C. 3161(h)(1)(F) that states " delay resulting from transporation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendants arrival at the destination shall be presumed to be unreasonable.

If you can't s more then 10 days
from 18 U.S.C. 3161(h)(1)(F). That would L
Mr. Winans indictment 34 days befor it was
file. thus the govern wd 18 US 3161(b)
As we will r address
How the arr in Mr. Winans D
Ap is not the same due to
a c of de hearing
that can not be e under the
c subsection of 18 U.S.C. 3161(h)(7)(A) due
to the in w of
Mr. Win does not a
on D appear. c
to a d case no.

The ~~Sharon~~ sole issue on
Mr. Win

so If you can not subtract more then 10days from 18 U.S.C. 3161(h)(1)(F) for the Transportations of Mr. Winans. That would leave Mr. Winans indictment 34 days before it was filed violation of 18 U.S.C. 3161(b).

)

As we will repeatedly address how the argument in Mr. Winans Direct Appeal is NOT the same as Mr. Winans 28 U.S.C. 2255. Due to a continuance of detention hearing can not be excludable under the correct subsection of 18 U.S.C. 3161(h)(7)(A) due to the judge who granted the continance did not find that the continance served the "ends of justice" either orally or in writing on the record of the case.

Mr. Winans does NOT argue this argument on Direct Appeal leading to a danial of the speed Trial Act claim.

The sole issue on mr. Winans Direct Appeal contends that the district court erred in denying his motion to dismiss his indictment, alleging a violation of his rights under the Speedy Trial Act. Although Mr. Winans indictment issue 44 days after his arrest, 15 of those days were excludable, 10 for his transfer from another district see. 18 U.S.C. 3161 (h)(1)(F), and five for the pendency of the Government pretrial motion for detention, filed on Wednesday August 24, 2016, and heard on monday. August 29, 2016 see 18 U.S.C. 3161(h)(1)(D).

However 18 U.S.C. 3161 (h)(1)(D) is the incorrect subsection needed to justified the 5 days Continuance of Mr. Winans detention hearing. 18 U.S.C. 3161 (h)(1)(D) states "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

However
The correct subsection is found under 18 U.S.C. 3161 (h)(7)(A) that states "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel ~~or his counsel~~ or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the "ends of justice" served by taking such action outweight the best interest of the public and the defendant in a speedy Trial. No such period of delay resulting from a continuence granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy Trial.

No days shall be excludable under the correct subsection 18 U.S.C. 3161 (h)(7)(A) Due to the Judge who granted the continauce did not find that the continuace served the ends of justice.

Therefore Mr. winans indictment came in a total of 34 days before it was filed violation of 18 U.S.C. 3161(b).

Mr. Winans was prejudice as he would not still be incarcerated in the Federal system due to violation of 18 U.S.C. 3161 (b). If the government would have entertain the merits in Mr. Winans 28 U.S.C. 2255. Thats clearly NOT the same argument that was argue on mr. Winans Direct Appeal.

Mr. Winans is Actually Innocent due to the absent fact that was prerequisit before a conviction.

# Conclusion

Therefore Mr. Winins prays that this honorable court grant relief.

Respectfully Submitted