**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 16-175** |
| **DWAYNE WINANS, JR.** | **SECTION: G** |

**ORDER AND REASONS**

Before the Court is a motion filed by Defendant Dwayne Winans, Jr.'s ("Winans") under Rule 60(b)(6).[1] Winans is currently serving a 360-month sentence on numerous counts of bank robbery, carjacking, and brandishing a firearm during a crime of violence.[2]

On March 17, 2022, this Court denied Winans's original Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[3] On November 1, 2022, the Fifth Circuit denied Winans's request for a certificate of appealability.[4]

In the instant motion, Winans essentially seeks reconsideration of those rulings. Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

[1] Rec. Doc. 486.

[2] Rec. Doc. 318.

[3] Rec. Doc. 392.

[4] Rec. Doc. 411 (mandate issued December 27, 2022).

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[5]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[6]

Rule 60(b) has been used to reopen a judgment in post-conviction proceedings. "However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."[7] A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining authorization from the United States Court of Appeals for the Fifth Circuit.[8] Therefore, if a Rule 60(b)(6) motion must be construed as a successive § 2255 motion, the district court does not have jurisdiction to consider it.[9]

Winans is attempting to assert an unauthorized second or successive § 2255 motion.[10] His motion advances the substantive claims previously raised in his original § 2255 motion. This Court lacks jurisdiction to hear such claims because Winans has not obtained authorization under

[5] Fed. R. Civ. P. 60(b).

[6] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[7] *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (involving § 2254 petition)).

[8] *Id.* (citing 28 U.S.C. § 2255(h)).

[9] *Id.* (citing 28 U.S.C. § 2255(h)).

[10] *See United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018) (following denial of a motion to vacate, the defendant's motion to alter the judgment was a successive motion to vacate, even though the defendant raised same allegations in motion to alter judgment as he did in original motion).

§ 2255(h) from the Fifth Circuit Court of Appeals to file a successive motion.

Moreover, the arguments Winans raises in the motion are not new. These arguments have been repeatedly addressed by this Court and the Fifth Circuit.[11] In fact, the Fifth Circuit has denied Winans's requests to file successive § 2255 motions on at least two occasions.[12] Therefore, the Court dismisses the Rule 60 motion for lack of jurisdiction.

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A COA [Certificate of Appealability] will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied."[13] Section 2253(c) permits issuance of a COA when "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"[14] "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"[15] When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[16] The Fifth Circuit requires habeas petitioners to obtain a

---

[11] *See* Rec. Doc. 392 at 7; Rec. Doc. 419.

[12] *In re Dwayne Winans, Jr.*, Case No. 23-30814, Fifth Circuit Order (5th Cir. Jan. 5, 2024); *In re Dwayne Winans, Jr.*, Case No. 25-30496, Fifth Circuit Order (5th Cir. Dec. 5, 2025).

[13] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[14] *Id.* (quoting 28 U.S.C. § 2253(c)).

[15] *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[16] *Id.* (quoting *Slack*, 529 U.S. at 484).

certificate of appealability in order to appeal a district court's decision to construe a purported motion for relief from judgment as a disguised successive federal habeas petition.[17]

The Court dismisses Winans's Rule 60 motion on procedural grounds. Specifically, the Court finds it lacks jurisdiction to consider Winans's claims because he had not obtained authorization from the Fifth Circuit Court of Appeals to file a successive motion for post-conviction relief. Jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dwayne Winans, Jr.'s Rule 60 motion[18] is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 22nd day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[17] *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021).

[18] Rec. Doc. 486.